STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-84
DHM - KEN - 7/26/2001

STATE OF MAINE,
MAINE DEPARTMENT OF
ENVIRONMENTAL PROTECTION,
and ATTORNEY GENERAL,

Plaintiffs

v.

ORDER

INHABITANTS OF THE TOWN OF
DAMARISCOTTA, MAINE, and
LAKE PEMAQUID, INC.,

Defendants

This matter is before the court after hearing on plaintiffs' request for judgment. Plaintiffs' request resulted from Decision and Order of this court dated June 12, 2001, in which the court ordered a verdict for the plaintiffs on count III of its complaint. In its count III, plaintiffs alleged that defendant Lake Pemaquid, Inc. maintained 18 residential structures within the required setback from Pemaquid Pond in violation of the mandatory Shoreland Zoning Law and the Shoreland Zoning Ordinances of the Town of Damariscotta. Plaintiffs prayed for civil penalties and equitable relief in accordance with 38-A M.R.S.A. §§ 348 (Pamph. 1997), 444 (Pamph. 1997) and 30-A M.R.S.A. § 4452(3).

Title 38-A M.R.S.A. § 348 provides:

**Judicial enforcement**

1.     **General.** In the event of a violation of any provision of the laws

1

administered by the department . . ., the Attorney General may institute injunction proceedings to enjoin any further violation thereof, a civil or criminal action or any appropriate combination thereof without recourse to any other provision of law administered by the department.

2.     **Restoration.** The court may order restoration of any area affected by any action or inaction found to be in violation of any provision of law administered by the department . . ., to its condition prior to the violation or as near thereto as may be possible. Where the court finds that the violation was willful, the court shall order restoration under this subsection unless the restoration will:

    A.    Result in a threat or hazard to public health or safety;
    B.    Result in substantial environmental damage; or
    C.    Result in a substantial injustice.

Title 38-A M.R.S.A. § 444 provides:

**Enforcement**

Any person who orders or conducts any activity in violation of a municipal ordinance adopted under this chapter is penalized in accordance with Title 30-A, section 4452.

The Attorney General, . . ., may enforce ordinances adopted under this chapter.

Finally, 30-A M.R.S.A. § 4452 is entitled "Enforcement of Land Use Laws and

Ordinances" and provides:

3.     **Civil penalties.** The following provisions apply to violations of the laws and ordinances set forth in subsection 5. Except for paragraph H, monetary penalties may be assessed on a per-day basis and are civil penalties.

    A.    The minimum penalty for starting construction or undertaking a land use activity without a required permit is $100, and the maximum penalty is $2,500.

    B.    The minimum penalty for a specific violation is $100, and the maximum penalty is $2,500.

2

C.   The violator may be ordered to correct or abate the violations.  When the court finds that the violation was willful, the violator shall be ordered to correct or abate the violation unless the abatement or correction results in:

> (1)   A threat or hazard to public health or safety;
> (2)   Substantial environmental damage; or
> (3)   A substantial injustice.

Section 4452 further provides in its subsection 3(H):

If the economic benefit resulting from the violation exceeds the applicable penalties under this subsection, the maximum civil penalties may be increased.  The maximum civil penalty may not exceed an amount equal to twice the economic benefit resulting from the violation.

Finally, subsection 5 reads:

**Application.**  This section applies to the enforcement of land use laws and ordinances or rules which are administered and enforced primarily at the local level, including:

> Q.  Shoreland zoning ordinances adopted pursuant to Title 38, sections 435 to 447, including those which were state-imposed; . .

The court has found that the plaintiffs are entitled to relief and, further, that the violation was willful.[1]  The plaintiffs argue that it is entitled to the benefits of either 38 M.R.S.A. § 348 or 30-A M.R.S.A. § 4452 by arguing that it has brought the action both on the basis of the DEP-approved municipal ordinance and the State

---

[1] There is a dispute as to whether plaintiffs' exhibit 7, a letter from Lake Pemaquid, Inc.'s counsel to the selectmen of the Town dated September 26, 1994, containing an order under the provisions of 17-A M.R.S.A. § 402(1)(E), that the Code Enforcement Officer, any member of the municipal officers of the Town or the attorney for the Town not trespass on property of Lake Pemaquid, Inc. was admitted as an exhibit in this case or whether the hearing on plaintiffs' request for judgment was to allow the admission of evidence.  As far as this court is concerned, that exhibit is of no effect.  It is the court's conclusion that defendant's actions over these years have been premised upon defendant's unreasonable perception of a "loophole" in the law and that defendant has successfully persuaded the officials of the Town of Damariscotta for many years into believing that such a loophole exists.

mandatory zoning statutes. Defendant argues that the authority sought by the plaintiffs only relate to those matters "administered" by the State Department of Environmental Protection and that "administration" only gives it the authority to enforce the municipal ordinance. It further argues that since the municipal ordinance enforcement comes within 30-A M.R.S.A. § 4452, the State is not entitled to the mandatory provisions of section 348 and 349. Title 38 M.R.S.A. § 349 provides:

> 2.   Civil penalties. Any person who violates any provision of the laws administered by the department, . . . is subject to a civil penalty, payable to the State, of not less than $100 nor more than $10,000 for each day of that violation . . . .

Defendant further argues that the 18 cabins constitute a single violation and should be considered by the court in that light.

After extensive examination of the statutory scheme with respect to the Mandatory Shoreland Zoning Law, the court is satisfied that the State Department of Environmental Protection administers the law in two fashions. It manages the enforcement of the municipal ordinances and manages the enforcement of the State statute.[2] There is nothing about the statutory scheme which restricts the Attorney General, on behalf of the Department of Environmental Protection, from proceeding alternatively under the separate provisions. The Attorney General is authorized to act on behalf of the Town to enforce its ordinance and simultaneously

---

[2] "Administer" is defined in the Oxford American Dictionary (1980) as to manage the business affairs of, to be an administrator. Black's Law Dictionary follows the same definition in a legal context. Even defendant's counsel admits that the term means to "manage."

4

enforce the various provisions of the Mandatory Shoreland Zoning Act (or any other order or regulation or law administered by the DEP). As a matter of pleading, the Attorney General has averred that Lake Pemaquid, Inc. is in violation of the Town ordinance and State laws which DEP administers. Contrary to the argument of the defendant and the concern of the court expressed at oral argument on this request, the State is not merely acting in the Town's stead to enforce its ordinance and is therefore not restricted to the civil penalties prescribed by section 4452. Relying on the language of the complaint, the State is acting in both its capacity to enforce the Town's ordinance and in its independent capacity to enforce the law it administers.

It should go without saying that the court is concerned from a practical point of view that the language of 38 M.R.S.A. § 349 provides a penalty of not less than $100 for each day of the violation. However, the law is clear that this court is without discretion to assess civil penalties less than the minimum specified in the statute or to suspend any part thereof. *See Town of Orono v. Lapointe*, 1997 ME 185, 698 A.2d 1059 (*see also DEP v. Emerson*, 616 A.2d 1269 (Me. 1992)). Nor can the court reasonably consider that each of the 18 violations should be considered collectively as a single violation. Each of them misrepresents a seasonal dwelling with occupants therein existing separately and independently and in violation. Inasmuch as 38 M.R.S.A. § 349 is considered to be mandatory, the court does not consider the economic factors involved in the penalty. While there is clear evidence of a substantial economic benefit realized by the defendant from the use of

5

these cabins, it is substantially less than the mandatory civil penalty and not considered.

Plaintiffs' exhibit 3 is a business record of the defendant which documents the installation dates of each cabin. Based upon the evidence, the court is satisfied that beginning with July 1, 1986, and continuing through June 30, 2001, the violations continued for 5,479 days for three cabins, 5,114 days for five cabins, 4,749 days for two cabins, 4,383 days for five cabins, 4,018 for one cabin, and 3,643 for two cabins. Therefore, the 18 cabins were in violation for a total of 84,724 days. Applying the nonsuspendable mandatory civil penalty of $100 per day results in a civil penalty in the amount $8,472,400.

The plaintiffs seek attorney's fees. Title 14 M.R.S.A. § 1522, litigation costs, provides:

**Litigation costs**

1.     **Costs allowed.** In any action or proceeding brought by the Attorney General pursuant to any of the provisions listed below or to enforce any of the provisions listed below, the court shall allow litigation costs, including court costs, reasonable attorney's fees and reasonable expert witness fees, to be deposited in the General Fund of the State if the State or any of its officers or agencies is a prevailing party in the action or proceeding:

P.     Title 38, section 348;
Q.     Title 38, section 349.

(Emphasis supplied). In accordance with the affidavit provided by the State, it is entitled to attorney's fees and costs in the amount of $44,332.43, plus any additional fees and costs incurred in proceedings subsequent to the court's June 12, 2001 Decision and Order.

For all the reasons stated herein, the entry will be:

The defendant, Lake Pemaquid, Inc. is hereby ORDERED:

A.    To permanently move all eighteen (18) structures and accessory structures (e.g., decks, cement pads) found by the court to be within the 100 foot setback, to a point outside of the required 100 foot setback within thirty (30) calendar days of entry of this Order on the docket;

B.    Within thirty (30) days of entry of this Order on the docket, to apply to the Town of Damariscotta for Planning Board permits for all eighteen (18) structures that are moved and relocated anywhere within the Shoreland Zone (250 feet from the normal high water mark of Pemaquid Pond);

C.    Within thirty (30) days of entry of this Order on the docket, to obtain a "letter of no action" from the Town of Damariscotta for the three (3) nonconforming structures and accessory structures (e.g., decks, cement pads) authorized by this Order to remain on lots 28, 224, and 245;

D.    Not to place any structures within 100 feet of the normal high water mark of Pemaquid Pond so long as it is prohibited by statute or ordinance;

E.    To allow State and municipal officials reasonable access to its property for the purpose of inspecting compliance with this Order;

F.    To adhere to all other applicable standards contained in the Mandatory Shoreland Zoning Law and the Town of Damariscotta's Shoreland Zoning Ordinance;

G.    To pay civil penalties to the State of Maine in the amount of $8,472,400;

H.    To pay the plaintiffs their reasonable attorney's fees and costs in accordance with 14 M.R.S.A. § 1522(1)(P) & (Q) (Supp. 2001); and

I.    To report to this court the completion of the affirmative requirements of this Order no later than January 1, 2002.

Jurisdiction is retained by this court for the purpose of enabling any of the parties (including former defendant Town of Damariscotta)

7

to apply to this court at any time for such further orders or directions as may be necessary or appropriate for the construction or carrying out of the Order, for the modification or termination of any of the provisions herein, and for the enforcement of compliance herewith (including through M.R. Civ. P. 66 and/or M.R. Crim. P. 42).

Dated: July___26___, 2001

Donald H. Marden
Justice, Superior Court

Date Filed __4/2/98__ __Kennebec__ Docket No. __CV98-84__
County

Action __General Injunctive Relief__

# J. MARDEN

State of Maine                              vs.  Town of Damariscotta and Lake Pemaquid, I

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Lucinda E. White, AAG<br>6 State House Station<br>Augusta, Maine 04333<br><br>Co-counsel: Gerald Reid, AAG. | - Richard L. Hornbeck,Esq. (Damariscotta)<br>PO BOX 636<br>Brunswick Maine 04011-0636<br><br>- Edward G. Dardis,Esq.(Lake Pemaquid)<br>Wm M. Avantaggio,Esq.<br>PO Box 460<br>Damariscotta Me 04543<br><br>William M. Avantaggio, Esq. (Lake Pemaqui<br>P.O. Box 460<br>Damariscotta, Maine 04543 |

| Date of Entry | |
|---|---|
| 4/3/98 | Complaint, filed. s/White, AAG (filed 4/2/98) (attached exhibits A-F)<br>Pretrial Scheduling Statement and Jury Demand mailed to atty. |
| 4/22/98 | Defendant inhabitants of The Town of Damariscot~a, Maine, answer to complaint and motion to dismiss filed. s/Hornbeck,Esq. |
| 4/29/98 | Notification and Acknowledgement for Service by Mail, filed. s/White,AAG<br>Acknowledgement of Receipt of Summons and Complaint, filed. s/Riley,Chair |
| 5/4/98 | Answer of Lake Pemaquid Inc. filed. s/Dardis,Esq.<br>Answer to cross claim filed. s/Dardis,Esq.<br>Motion to strike M.R. Civ.P. 12(f) with incorporated memorandum filed. s/Dardis,Esq.<br>Proposed order on defendants motion to strike filed. |
| 5/4/98 | Original summons with return service on Lake Pemaquid on 4/23/98 filed. s/Hornbeck,Esq. |
| 5/20/98 | Pretrial Scheduling Statement, filed. s/White, AAG<br>Plaintiffs' Memorandum in Opposition to Defendant Lake Pemaquid, Inc.,'s Motion to Strike, filed. s/White, AAG<br>Statement of Material Facts as to Which There is a Genuine Issue, filed. s/White, AAG<br>Affidavit of Warren Hatch Town Clerk, filed. s/Hatch<br>Affidavit of Richard P. Baker, filed. s/Baker<br>Notification of Discovery Service, filed. s/White, AAG<br>Plaintiffs' Notice of Deposition of Clayton Howard, Esq.; Plaintiffs'<br>Notice of Deposition of Rebecca Bickmore served on richard H. Hornbeck, Esq. on 5/19/98<br>Plaintiffs' Request for Entry Upon Land for Inspection and other Purposes served on William M. Avantaggio, Esq. on 5/19/98 |
| 5/21/98 | EXPEDITED PRETRIAL ORDER, Alexander, J.<br>Discovery to be closed by 10/1/98. This case will ne placed on the non-jury trial list 30 days after close of discovery. This Order is incorp- |